UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NITHYANANDA DHANAPEETAM OF ST. LOUIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13-CV-1683 CAS |
| AARTHI S. RAO, et al., | ) ) | |
| Defendants. | ) | |

## ORDER CONCERNING JURISDICTION

This diversity matter is before the Court on review of the file following transfer to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiffs. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.] Id.

In this case, plaintiff's complaint asserts that jurisdiction exists based on diversity of citizenship. Complaint at 2, ¶ 3. Title 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's place of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir.

1987); see 28 U.S.C. § 1332(a). The complaint alleges that the defendants "reside" in Michigan. Complaint at 1, ¶ 2. Rather than allegations of residence, there must be allegations of citizenship. Sanders, 823 F.2d at 216; see 28 U.S.C. § 1332(a). It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and is insufficient to allege citizenship. Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977).

As a result, the complaint does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Plaintiff will be required to amend its complaint to correct this deficiency. Plaintiff will be granted five (5) days to file an amended complaint that alleges facts showing complete diversity of citizenship among the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 3, 2013**, plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

                                             /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of August, 2013.