# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NITHYANANDA DHANAPEETAM OF ST. LOUIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13-CV-1683 CAS |
| AARTHI S. RAO, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's ex parte motion for substituted service of process on the defendants pursuant to Federal Rule of Civil Procedure 4(e)(1) and in accordance with Michigan court rules. For the following reasons, the motion will be denied.

**Background**

This diversity action was filed on August 27, 2013. The Court could not determine from the face of the complaint that complete diversity of citizenship existed, and ordered plaintiff to file an amended complaint. The Amended Complaint alleges that plaintiff is a Missouri not-for-profit corporation with its principal place of business in St. Louis, and that the defendants Aarthi S. Rao and Manickam Narayanan are married and are citizens of the State of Michigan. Venue is alleged to be proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. The Amended Complaint asserts state law claims of defamation and tortious interference with business relationships.

On November 20, 2013, plaintiff filed its ex parte motion for an order for substituted service on the defendants. An Affidavit of Non-Service attached to the motion avers that the process server attempted service on the defendants on October 7, 2013, at 2:47 p.m. at 3118 Village Circle, Ann

Arbor, Michigan and states: "At the address I spoke with a black female who says they do not know the defendants, she confirmed they are the Montgomery family, they are renting the property from a white male who owns the condo. She said that a few weeks prior the police were there looking for both defendants." Mem. Supp., Ex. A.

In the unverified memorandum in support of the ex parte motion, plaintiff states that defendant Rao was served with a state court complaint in February 2013, and while she travels frequently between the United States and India, the defendants own real property in Ann Arbor, Michigan which was refinanced in September 2011. Plaintiff also states that defendant Rao litigated a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Michigan in 2011 and 2012, and regularly treats with doctors in Ann Arbor, Michigan. Plaintiff states the defendants list their Ann Arbor, Michigan address on their bank statements, and defendant Rao regularly signs affidavits and correspondence listing her Ann Arbor address and declaring her Michigan residency. Plaintiff also states that defendant Rao "received notice of numerous pleadings sent to her on other occasions in various Washtenaw County Trial Court matters at her last known addresses: 3118 Village Circle, Ann Arbor, Michigan 48108 and P.O. Box 1408, Ann Arbor, Michigan 48106 via First Class Mail." Mem. Supp. at 3. Plaintiff states that a Postal Tracer shows that mail is "continuously being [delivered] to the P.O. Box as well as the 3118 Village Circle, Ann Arbor, MI." Id.

Plaintiff claims, "There is little doubt that Defendants are aware of this case and are evading service of the summons and complaint. Given the valid personal service attempts, mailing and evidence of Defendants retaining counsel in other matters through the Washtenaw County Trial Court, the Court should order the use of methods of substituted service on the defendants, pursuant to the Federal Rules and applicable state law." Mem. Supp. at 4.

Plaintiff seeks an order for substituted service on defendants Rao and Narayanan pursuant to Michigan Court Rule 2.105(B) that would permit service by (1) sending a copy of the summons and complaint to the defendants by first class and registered mail to the address at 3118 Village Circle, Ann Arbor, Michigan, and to P.O. Box 1408, Ann Arbor Michigan; and (2) posting a copy of the summons and Amended Complaint to the defendants' last known physical address of 3118 Village Circle, Ann Arbor, Michigan.

**Discussion**

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, unless federal law provides otherwise, an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Rule 4(e)(1), Fed. R. Civ. P.

Michigan Court Rule 2.105 governs service of process and describes the various methods of service. Bullington v. Corbell, 809 S.W.2d 657, 661 (Mich. Ct. App. 2011). Michigan Court Rule 2.105(A) provides that process may be served on a resident or nonresident individual by

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(1), (2).

The Michigan courts have discussed the content and purpose of Rule 2.105 as follows:

> The court rule governing the manner to serve process, MCR 2.105, describes various methods of service. Generally, the rule organizes the service of process choices according to the individual or corporate nature of the defendant. The methods described in the rule "are intended to satisfy the due process requirement

3

that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). Compliance with the court rules fulfills the constitutional requirement of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314, 70 S. Ct. 652.

Bullington, 809 S.W.2d at 661-62.

Plaintiff's ex parte motion shows only that one unsuccessful attempt at personal service was made on the defendants. There is no indication plaintiff has attempted to serve the defendants by sending summons and complaint to them by registered or certified mail, as authorized by Rule 2.105(A)(2). Instead, plaintiff seeks a court order for substituted service on the defendants under Rule 2.105(B)(1)(b), which permits service "on a nonresident individual" by "serving a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address." (Emphasis added).

In Michigan, substituted service of process "is not an automatic right." Krueger v. Williams, 300 N.W.2d 910, 915 (Mich. 1981). "[C]ourt rules allow for substituted service '[o]n a showing that service of process cannot reasonably be made as provided by this rule . . . .' MCR 2.105(I)(1)." Bullington, 809 N.W.2d at 662. "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." Krueger, 300 N.W.2d at 919. MCR 2.105(I)(1) requires that the substituted service be reasonably calculated to provide the defendant with actual notice and an opportunity to be heard. Lawrence M. Clarke, Inc. v. Richco Construction, Inc., 803 N.W.2d 151, 159 (Mich. 2011).

MCR 2.105(I)(2) requires that a request for an order permitting substituted service meet the following standards:

> A request for an order under the rule must be made in a *verified motion* dated not more than 14 days before it is filed. The motion must set forth sufficient facts to

4

> show that process *cannot be served under this rule* and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.

MCR 2.104(I)(2) (emphasis added). Where a plaintiff fails to demonstrate that it could not reasonably serve the defendants in a manner that complies with the court rules, it is an abuse of discretion to permit substituted service. Bullington, 809 N.W.2d at 662-63.

In the instant case, plaintiff's motion for substituted service is fatally defective for several reasons. First, the motion is not verified as required by Rule 2.105(I)(2). Second, Rule 2.105(B), on which plaintiff relies, specifically permits substituted service only on non-resident individual defendants. The factual allegations of plaintiff's motion recited above make it clear that plaintiff believes the defendants are residents of Michigan. Finally, the motion is defective because it fails to demonstrate that plaintiff cannot reasonably serve the defendants in a manner that complies with Michigan court rules. A single attempt at personal service is patently insufficient. Cf. Krueger, 300 N.W.2d at 919 (verified motion for substituted service was insufficient where it failed to show with particularity that service of process could not reasonably have been made according to prescribed methods).

**Conclusion**

For the foregoing reasons, plaintiff's ex parte motion for an order for substituted service on the defendants in accordance with Michigan Court Rule 2.105(B) should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's ex parte motion for an order for substituted service on the defendants is **DENIED**.  [Doc. 10]

                                                                     _____
                                                                     **CHARLES A. SHAW**
                                                                     **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of December, 2013.