UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NITHYANANDA DHANAPEETAM OF ST. LOUIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13-CV-1683 CAS |
|  | ) |  |
| AARTHI S. RAO and MANICKAM NARAYANAN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER OF DISMISSAL

This matter is before the Court on plaintiff's motion for an extension of time for service of the complaint, filed pursuant to Rules 4(f), (j) and (m), Federal Rules of Civil Procedure. Plaintiff seeks an additional ninety (90) days to obtain service of process on defendants Aarthi S. Rao and Manickam Narayanan. For the following reasons, the motion will be denied and this case dismissed without prejudice.

**Background**

This diversity action was filed on August 27, 2013. The Court could not determine from the face of the complaint that complete diversity of citizenship existed, and ordered plaintiff to file an amended complaint. The Amended Complaint alleges that plaintiff is a Missouri not-for-profit corporation with its principal place of business in St. Louis, and that the defendants Aarthi S. Rao and Manickam Narayanan are married to each other and are citizens of the State of Michigan. Venue is alleged to be proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. The Amended Complaint asserts state law claims of defamation and tortious interference with business relationships, arising out of the

defendants' alleged conduct and statements concerning Sri Nithyananda Swami ("Swami"), a resident of India and the spiritual head of plaintiff Nithyananda Dhanapeetam of St. Louis. The Amended Complaint alleges that plaintiff "relies on the reputation of Swami, whose image/photo is inseparable from Plaintiff and whose image is necessary to the success and continued services of [Plaintiff] to the community." Amended Complaint at 3. The Amended Complaint further alleges that defendants' alleged conduct and statements caused Swami not to visit plaintiff's Temple, and caused plaintiff to lose, among other things, reputation, revenue, donations, devotees, members, program participants, volunteers, and donations.

On November 20, 2013, plaintiff filed an ex parte motion for an order for substituted service on the defendants pursuant to Michigan Court Rule 2.105(B). The Court denied the motion for substituted service by Memorandum and Order of December 5, 2013 (Doc. 11). Plaintiff subsequently requested and was granted an additional ninety days to obtain service of process upon the defendants and file proof of service, by March 17, 2014. See Order of Dec. 17, 2013 (Doc. 13).

Plaintiff now seeks a further ninety days in which to obtain service of process on the defendants, stating that it has learned the defendants are currently residing in India. In support of its motion, plaintiff states that it has made diligent and good faith efforts to serve the defendants, that the 120-day time limit of Rule 4(m) does not apply to service in a foreign country, that it expects to learn defendant Rao's address in India within the next thirty days as a result of a motion pending in a state court case in Michigan, and defendant Narayanan's address as a result of litigation pending in federal court in Ohio. Plaintiff asserts that the defendants would not be prejudiced by further extension of the service period as the statute of limitations for the allegations in the Amended Complaint has not expired.

2

**Discussion**

This matter has been pending over 200 days. To date, plaintiff has not obtained service of process on the defendants. It appears from the record that both defendants are residing in India and that plaintiff does not have addresses for service of process upon them in India. Plaintiff asserts that a motion pending in an unrelated state court case in Michigan "should reveal" defendant Rao's address in India within the next thirty days, and asserts on information and belief that defendant Narayanan's address – or a party willing to accept service on his behalf – should also be available within that time period.

Plaintiff is correct that the 120-day time limit for service established by Rule 4(m), Fed. R. Civ. P., does not apply to service in a foreign country. See Rule 4(m). The amount of time allowed for foreign service is not unlimited, however. Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005); Feliz v. MacNeill, 493 F. App'x 128, 131 (1st Cir. 2012) (unpublished per curiam); see also 1 James Wm. Moore, et al., Moore's Federal Practice § 4.52[4] (3d ed. 2013). A plaintiff must still act diligently in effectuating service within a reasonable time. Mapping Your Future, Inc. v. Mapping Your Future Services, Ltd., 266 F.R.D. 305, 309 (D.S.D. 2009).

Plaintiff does not cite any Eighth Circuit Court of Appeals decisions in its motion, and it does not appear that the Eighth Circuit has addressed the issue of a time limit for service in a foreign country. Some circuit courts of appeal have held that a plaintiff must actually attempt to effect service in a foreign country in order to benefit from the exemption to the 120-day rule. See, e.g., USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005) (holding that Rule 4(m)'s exception for service in a foreign country does not apply if the plaintiff did not attempt to serve the defendant in the foreign country; dismissing claim against foreign defendant where plaintiff made no attempt at foreign service within 120 days). Other courts have applied a "flexible

3

due diligence" standard applies to determine whether delay should be excused. Lozano v. Bosdet, 693 F.3d 485, 488-89 (5th Cir. 2012); see Feliz, 493 F. App'x at 131-32; see also Nylok Corp., 396 F.3d at 807 ("If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.").

The Court need not decide which standard properly applies here, as dismissal without prejudice is warranted under either standard. As stated above, this case has been pending for more than 200 days. Plaintiff made repeated efforts to attempt service on the defendants at a Michigan address, but those efforts ceased in December 2013. Plaintiff's present motion indicates that it has not made any attempts at service of process since before it obtained the ninety-day extension of time. Plaintiff does not assert that it has made any attempt to effect service of process on the defendants in India. Instead, plaintiff asserts only that it "likely" will obtain the defendants' addresses in India within the next thirty days.

With respect to defendant Rao, the materials filed with plaintiff's motion indicate that an entity called "Life Bliss Foundation" obtained a default judgment against Rao in California state court and has registered the judgment as a foreign judgment in a state court in Michigan.[1] Life Bliss Foundation has filed a motion to compel a defendant Rao to appear for a Creditor's Examination under Michigan court rules. The motion to compel is set for hearing before the Michigan court on March 26, 2014. With respect to defendant Narayanan, plaintiff states "upon information and belief" that Narayanan has obtained counsel in an unspecified action pending in federal court in the Southern District of Ohio, and that his address "should be revealed in the very near future." Mot.

---

[1]Plaintiff does not allege that it is affiliated with Life Bliss Foundation in any way. It appears that plaintiff's counsel also represents Life Bliss Foundation with respect to the Michigan efforts to collect its California judgment.

4

for Extension at 3. These materials do not indicate the likelihood that the defendants' addresses will be revealed soon, if ever.

The Court finds that plaintiff's failure to serve the defendants within a reasonable time, and in particular its failure to attempt service in India and its lack of concrete, imminent plans to attempt such foreign service, demonstrates insufficient due diligence to avoid dismissal of this action for failure to obtain service of process. As the Court noted in the Order granting plaintiff an additional ninety days to obtain service of process, the value of plaintiff's repeated attempts to serve the defendants at a condominium they own in Michigan, but at which they do not reside, was unclear. Although this action has been on file for almost seven months, plaintiff has made no attempt to serve the defendants in India by any means, and it asserts only that it hopes to obtain – from unrelated litigation in two separate courts – addresses at which the defendants may be served. This assertion is insufficient for plaintiff to demonstrate reasonable diligence. In addition, because plaintiff asserts that the statute of limitations for this action has not expired, it will not be prejudiced by a dismissal without prejudice.[2]

**Conclusion**

For the foregoing reasons, plaintiff's motion for a second ninety-day extension of time to obtain service of process on the defendants will be denied, and this action will be dismissed without prejudice for failure to obtain service of process on the defendants within a reasonable time.

---

[2] Finally, it is unclear whether plaintiff has prudential standing to pursue this action, in which it alleges defamatory and tortious conduct by the defendants directed against Swami, who is not a party to the case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's ex parte Motion for Extension of Time for Service of Complaint is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to obtain service of process on the defendants.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of March, 2014.